IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CELESTINE STOOT,

        Plaintiff,                    No. CIV S-09-1997 EFB P

    vs.

HIGH DESERT STATE PRISON, et al.,

        Defendants.            ORDER
_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

       Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

       The court has reviewed plaintiff's July 15, 2009 complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed because plaintiff concedes in subsequent filings that

1

he has not exhausted his administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e, was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*. at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*. at § 3084.5. A division head reviews appeals on the first formal level, *see id.* at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See id*. at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*. at § 3084.1(a).

1 | Plaintiff names High Desert State Prison and Kara Wilcox, P.A., as defendants. His
2 | complaint, in its entirety, alleges the following:

> New Lawsuit: Cruel and unusual punishment violation of 8th Amendment on arriving in H.D.S.P. I ask P.A. Wilcox, to update my chronos because I have a bullet in my lower back and I ask for pain medication she refused all medication. I put in a inmate parolee health care appeal form but they were denied too, this is a violation of my 8th Amendment.

Compl., Dckt. No. 1. On November 23, 2009, four months after filing the complaint, plaintiff requested that the court stay this action, explaining that when he filed his complaint, he "didn't follow the whole percedure [sic]" with respect to "institution grievance[s]." Dckt. No. 11. He asked that the court "hold" his case until he is "done with [his] grievance," and added that he was "on the 3rd level." *Id.* Thereafter, plaintiff requested that the court deem his administrative remedies exhausted because prison officials had delayed in responding to his administrative appeals. Dckt. No. 12. Although plaintiff now argues he should be excused from the exhaustion requirement, he concedes that had not properly exhausted (or attempted to properly exhaust) his administrative remedies prior to filing suit. Therefore, dismissal is appropriate. *See Wyatt*, 315 F.3d at 1120.

Accordingly, this action is dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies prior to filing suit.[1] *See Ansel v. Super. Ct.*, 2008 U.S. App. LEXIS 26216 (9th Cir. Nov. 25, 2008) (affirming district court's dismissal pursuant to 28 U.S.C. § 1915A where plaintiff conceded that he failed to exhaust administrative remedies before filing his complaint); *Burroughs v. Sacramento County Main Jail*, 2007 U.S. Dist. LEXIS 75214, at *3-4 (E.D. Cal. Oct. 10, 2007) (dismissing complaint pursuant to 28 U.S.C. § 1915A where plaintiff conceded that the administrative grievance process was not completed).

////
////

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

1 | Plaintiff is informed that if he decides to file a new action, he should not include this case
2 | number on the new complaint. In addition, the new complaint should be accompanied by a
3 | properly completed, updated application to proceed *in forma pauperis*.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This action is dismissed without prejudice for failure to exhaust administrative remedies.

Dated: February 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE